# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5644 | **DATE** | 3/21/2011 |
| **CASE TITLE** | SEC vs. Falor | | |

**DOCKET ENTRY TEXT**

Opinion:
Plaintiff Securities and Exchange Commission's motion to disburse funds [57] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The SEC filed this action alleging that Robert Falor defrauded investors in his businesses of $9 million. The complaint named Jennifer Falor, Robert's ex-wife, as a relief defendant, and the SEC alleges that $930,000 of investor funds were transferred to or spent on behalf of Jennifer.

On October 1, 2009, Jennifer filed a motion, pursuant to Federal Rule of Civil Procedure 67(a), for leave to deposit $500,000 with the court. (Doc. 11.) The motion explained that another entity—Hotel 71 Mezz Lender, LLC ("Mezz Lender"), who is not a party to this suit—had obtained a judgment against Jennifer in New York state court in the amount of $52,404,066.54. The SEC and Mezz Lender disputed who had priority over Jennifer's assets. The SEC supported the motion, and the court granted the parties' request. (Docs. 13, 16.)

Now, the SEC has filed a motion seeking leave to disburse some of the funds deposited with the court. (Doc. 57.) The SEC and Mezz Lender reached an agreement amongst themselves that Mezz Lender should receive 75% of the funds deposited with the court and then relinquish any claim to the rest of the funds. Jennifer opposes the motion.

Rule 67 provides a mechanism for depositing funds with the court pending the resolution of any dispute over who has a right to the funds. The rule provides, in part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a). "The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute . . . ." *In re Dep't of Energy Stripper Well Exemption Litig.*, 124 F.R.D. 217, 218-19 (D. Kan. 1989).

According to Wright & Miller, "Rule 67 is a rather unimportant rule. Predictions made at the time it was adopted that there are 'not very many occasions for the application of this rule' have proven accurate." Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 12 Federal Practice and Procedure § 2991 at 58 (2d ed. 1997). There do not appear to be any reported cases analogous to this one. "The parties to a suit may stipulate about the disposition of money deposited in court." *Id.* § 2992 at 64. "In the absence of a stipulation, the court will determine to whom the fund is to be paid." *Id*.

In her response objecting to the disbursement of funds to Mezz Lender, Jennifer argues:

> Stating the obvious, Jennifer will be prejudiced by the SEC's settlement with Mezz Lender. The SEC has no judgment against Robert, let alone against Jennifer, at the present time. Nevertheless, since the SEC continues to seek a judgment of at least $930,000 against Jennifer, disbursing $375,000 now increases the amount Jennifer may owe the SEC by that same $375,000.

(Resp. at 3.) She also contends that she will be prejudiced should Robert be criminally indicted and prosecutors seek forfeiture of the funds in her possession. (*Id.* at 4-5.)

But it is not at all obvious to the court that the disbursement of funds to Mezz Lender causes any prejudice to Jennifer. She does not appear to contest the validity of Mezz Lender's judgment. The $500,000 cannot come close to satisfying her debt to either Mezz Lender or (perhaps eventually) to the SEC. Regardless of who has priority between the SEC and Mezz Lender, the total amount Jennifer owes to all creditors will be reduced by the amount of any disbursement. The only possible consequence is that, at the end of these proceedings, she could wind up owing more to the SEC and less to Mezz Lender. She may prefer to be pursued by collectors for Mezz Lender rather than by the SEC, but she has not articulated such an argument in her response or at oral argument on the motion.

Jennifer's point about the possibility of a future forfeiture action does not seem to change the analysis. At this time, the parties have no idea whether the government will obtain an indictment or will seek forfeiture against Jennifer. Jennifer's counsel represented to the court that he informed the United States Attorney leading the grand jury investigation into Robert Falor about the SEC's motion, but no objection has been filed.

Rule 67 permits the court to hold funds that are the subject of a dispute. The dispute presented to this court in Jennifer's original motion was a priority battle between Mezz Lender and the SEC. That dispute has been resolved by the SEC's agreement. The point of the agreement is to avoid costly litigation over priority to the funds. If the court denies the SEC's motion and the SEC eventually wins a $930,000 judgment against Jennifer, Mezz Lender will still get $375,000 because, presumably, the parties will still want to avoid litigating over priority issues.

Accordingly, the SEC's motion is granted.